**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAIME FREEMAN | ) | |
|     Plaintiff, | ) | JURY DEMANDED |
| | ) | |
| v. | ) | Case No.: |
| | ) | Judge: |
| CHAOZ SPORTS LOUNGE, LLC | ) | |
| | ) | Magistrate Judge: |
|     Defendant | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Jaime Freeman ("Plaintiff"), by her undersigned attorney, and for her complaint against Chaoz Sports Lounge, LLC ("Defendant"), states as follows:

## NATURE OF THE CASE

1. That the causes of action for the Plaintiff arise under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e as amended, 28 U.S.C. § 1331, and common law.

## JURISDICTION AND VENUE

2. That this Court has jurisdiction over this matter based upon 42 U.S.C. § 2000e, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. That venue in the Northern District of Illinois, Eastern Division, is proper. The claim for relief arose in this state as required by 42 U.S.C. § 2000e.

4. That all conditions precedent have been fulfilled by Plaintiff including the filing of charges of discrimination with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"). Charge numbers 2014-CF-1498 and 2014-CF-2725 are attached as Exhibit A.

5. That Plaintiff received the requisite right-to-sue letters from the EEOC and IDHR, entitling her to bring the action in the federal court of the Northern District of Illinois (21B-2014-00531 and 21B-2014-01433); letters are attached as Exhibit B.

## PARTIES

6. That Plaintiff Jaime Freeman is female and a resident of the State of Illinois.

7. That Defendant is duly registered to conduct business in the State of Illinois.

8. That at the time of the incidents claimed herein, Defendant was an "Employer" within the meaning the Illinois Human Rights Act and Title VII of the Civil Rights Act.

9. That at all times relevant herein, Defendant has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

10. That Defendant hired Plaintiff in approximately January 2012 to work as a waitress.

11. That Plaintiff was promoted to bartender in approximately April 2012.

12. That Plaintiff's job performance consistently met or exceeded Defendant's legitimate expectations.

13. That Georgette Lutrell ("Lutrell") is an owner and agent of Defendant, and manages employees of Defendant; and that the actions, decisions, and statements of Lutrell made while acting in her capacity as owner and manager of Defendant are directly attributable to Defendant.

## GENERAL ALLEGATIONS

14. That Plaintiff incorporates the preceding paragraphs by reference herein.

15. That Plaintiff made Lutrell aware of her pregnancy in approximately April 2013.

16. That Plaintiff was hospitalized on September 3, 2013 due to a pregnancy complication; Plaintiff found a co-worker who was willing to cover her shift for that day, and informed

Tabitha Richards, Scheduling Manager for Defendant, that Plaintiff might require several more days off work.

17. That Plaintiff was discharged from the hospital on September 5, 2013; upon discharge, Plaintiff's doctor did not place any restrictions on Plaintiff's work or physical activity.

18. That upon discharge from the hospital, Plaintiff informed Richards that she would be able to work her scheduled shift that day; Richards informed her that Plaintiff's shift was already covered for that day.

19. That Richards told Plaintiff that all of Plaintiff's shifts had been covered by co-workers, and that there was no need for her to come in to work for that week.

20. That Richards, under the express direction of Lutrell, had rearranged the work schedule so as to eliminate the shifts for which Plaintiff had previously been scheduled to work.

21. That Plaintiff subsequently contacted Lutrell and stated that she wished to return to work, and wanted her shifts back.

22. That Lutrell told Plaintiff that she could only pick up shifts from other employees who needed a substitute, or who were willing to give Plaintiff their shift.

23. That Lutrell told Plaintiff "you shouldn't work the last few days until you're sure you and baby are going to be okay. The money is always going to be there. The risk to your health and the baby's health and the business is far greater than what you will make in the next few weeks." This text message is attached as Exhibit C.

24. That Plaintiff attempted to work as a substitute for bartender Allison Mooi, but Mooi informed Plaintiff that Mooi had been instructed not to give the shift to Plaintiff.

25. That Plaintiff contacted multiple co-workers via text message to ask if she could work their shifts, but that Lutrell had expressly prohibited those co-workers from giving Plaintiff their shifts.

26. That on September 8, 2013, Plaintiff contacted Lutrell via text message to ask whether she could work; Lutrell responded in a group text message to Plaintiff and her coworkers, stating "I told you that in my opinion you should take the last few weeks to rest." This text message is attached as Exhibit D.

27. That on the same day, Lutrell sent a text message stating "Besides being 8 months pregnant working behind the bar, I have to take into consideration, God forbid, something happens while you're here. That liability will be on Chaoz." This text message is attached as Exhibit D.

28. That Lutrell told Richards that Lutrell did not want Plaintiff at work.

29. That on September 20, 2013, Plaintiff gave birth to a daughter. Shortly thereafter, Plaintiff's daughter passed away.

30. That Plaintiff took a four-week maternity leave, as Defendant and she had previously agreed upon.

31. That on October 22, 2013, Plaintiff received clearance from her doctor to return to work.

32. That on October 28, 2013, Plaintiff contacted Lutrell via text message and stated that she was able to return to work; she did not receive a response from Lutrell.

33. That beginning on October 28, 2013 and continuing to the present, Defendant has refused to add Plaintiff to the schedule so that she could return to work.

34. That Defendant has no written policy regarding discrimination, and provides no written direction to its employees as to how complaints of discrimination should be handled.

## COUNT I

## COMPLAINT FOR PREGNANCY DISCRIMINATION

35. That Plaintiff incorporates the preceding paragraphs by reference here.

36. That Plaintiff brings this count of pregnancy discrimination against Defendant pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and the Pregnancy Discrimination Act, 42 U.S.C. § 2000 (e)(k).

37. That due to Plaintiff's pregnancy, Defendant prevented Plaintiff from working her previously scheduled shifts, and from being put on the schedule to work after September 5, 2013.

38. That due to Plaintiff's pregnancy, Defendant prevented Plaintiff from taking co-workers' shifts after September 5, 2013.

39. That other employees of Defendant who were not pregnant have been treated by Defendant more favorably than Plaintiff.

40. That these actions of Defendant prevented Plaintiff from earning sufficient income to support herself and her family.

41. That said severe, continuous, and persistent unlawful employment actions adversely affected the terms and conditions of Plaintiff's employment with Defendant.

42. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination and great embarrassment, which has manifested itself in physical illnesses and emotional stress on the relationships between Plaintiff and her friends, family, and colleagues.

43. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself and her family, harm to her employability and earning

capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, and disruption of her personal life

44. That these actions have affected the terms and conditions of Plaintiff's employment with Defendant, and occurred because of her pregnancy, childbirth, or related conditions.

45. That Defendant's treatment of Plaintiff was motivated by evil motive and intent and was recklessly and callously indifferent to Plaintiff's protected rights.

46. That said severe, continuous, and persistent pregnancy discrimination adversely affected the terms and conditions of Plaintiff's employment with Defendant.

47. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jaime Freeman respectfully requests that this Court provide the following equitable and legal remedies:

   a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

   b. Order a permanent injunction prohibiting Defendant from further acts of pregnancy discrimination and retaliation.

   c. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

   d. Award Plaintiff a judgment against Defendant for reinstatement, front pay, backpay and other compensatory damages.

   e. Award Plaintiff prejudgment interest.

   f. Grant judgment against Defendant for punitive damages for willful and wanton conduct.

g. Enter an order requiring Defendant to implement effective steps to eliminate pregnancy discrimination, and retaliation from Defendant's workplace.

h. Grant such other and further relief as this Court deems just and proper.

## COUNT II

## COMPLAINT FOR SEX DISCRIMINATION

48. That Plaintiff incorporates the preceding paragraphs by reference herein.

49. That Plaintiff brings this count against Defendant pursuant to Title VII of the Civil Rights Act.

50. That during all relevant times discussed herein, Plaintiff's job performance consistently met or exceeded Defendant's legitimate expectations.

51. That similarly situated male employees were consistently treated more favorably than Plaintiff by Defendant.

52. That similarly situated male employees were not removed from the work schedule or prevented from working other employees' shifts following medical treatment.

53. That employees of Defendant were not expressly prohibited from giving work shifts to any male employees.

54. That these actions of Defendant prevented Plaintiff from earning sufficient income to support herself and her family.

55. That said severe, continuous, and persistent unlawful employment actions adversely affected the terms and conditions of Plaintiff's employment with Defendant.

56. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination and great embarrassment, which has manifested itself in physical illnesses and emotional stress on the relationships between Plaintiff and her friends, family, and colleagues.

57. That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered depression, extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself and her family, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, and disruption of her personal life

58. That these actions have affected the terms and conditions of Plaintiff's employment with Defendant, and occurred because of her pregnancy, childbirth, or related conditions.

59. That Defendant's treatment of Plaintiff was motivated by evil motive and intent and was recklessly and callously indifferent to Plaintiff's protected rights.

60. That said severe, continuous, and persistent pregnancy discrimination adversely affected the terms and conditions of Plaintiff's employment with Defendant.

61. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jaime Freeman respectfully requests that this Court provide the following equitable and legal remedies:

    a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

    b. Order a permanent injunction prohibiting Defendant from further acts of sex and pregnancy discrimination, and retaliation.

    c. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    d. Award Plaintiff a judgment against Defendant for reinstatement, front pay, backpay and other compensatory damages.

    e.    Award Plaintiff prejudgment interest.

    f.    Grant judgment against Defendant for punitive damages for willful and wanton conduct.

    g.    Enter an order requiring Defendant to implement effective steps to eliminate pregnancy discrimination, sex discrimination, and retaliation from Defendant's workplace.

    h.    Grant such other and further relief as this Court deems just and proper.

## COUNT III

## COMPLAINT FOR RETALIATION

62. That Plaintiff incorporates the preceding paragraphs by reference herein.

63. That in approximately November 2013, Lutrell told Tabitha Richards, Scheduling Manager, that Lutrell had been considering asking Plaintiff to return to work as a fill-in on weekend shifts.

64. As of approximately November 18, 2013, neither Lutrell nor any other employee or owner of Defendant had contacted Plaintiff about returning to work.

65. That on approximately November 18, 2013, Plaintiff's attorney sent Defendant a lien letter, notifying Defendant that Plaintiff had retained the services of a law firm in connection with her claim of discrimination.

66. That on approximately November 20, 2013, Lutrell told Richards that she no longer intended to have Plaintiff fill-in on weekend shifts.

67. That on December 6, 2013, Plaintiff filed charge # 2014CF1498 with the Illinois Department of Human Rights, alleging termination, refusal to schedule, and reduction in hours due to sex and pregnancy discrimination.

68. That on December 20, 2013, Plaintiff received a text message from Lutrell stating that Plaintiff had not been fired, and that "Ultimately, I will have to take retaliatory action and request that you pay my legal fees." [See Exhibit E]

69. That these adverse employment actions occurred shortly after Plaintiff engaged in protected activities, thereby raising an inference of retaliatory motivation.

70. That the language of Lutrell's December 20, 2013 text message to Plaintiff demonstrates that Defendant knowingly and intentionally engaged in retaliatory action against Plaintiff.

71. That Defendant's conduct placed Plaintiff in a position inferior to that of other employees who did not complain, and who did not file charges of discrimination.

72. That Defendant's conduct also placed Plaintiff in a position which was materially worse for complaining about discrimination than those who did not complain.

73. That this conduct by Defendant as well as other retaliatory acts directed against Plaintiff for complaining about harassment amounts to retaliation in violation of the law.

74. That Defendant's treatment of Plaintiff was deliberate and intentional, and constituted reckless and malicious disregard of Plaintiff's federally-protected rights.

75. That said retaliation adversely affected the terms and conditions of Plaintiff's employment with Defendant.

76. That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, seniority benefits, and other employment benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jaime Freeman respectfully requests this Court to provide the following equitable and legal remedies:

    a.    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

    b.    Order a permanent injunction prohibiting Defendant from further acts of pregnancy discrimination and retaliation.

    c.    Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

    d.    Award Plaintiff a judgment against Defendant for reinstatement, front pay, backpay and other compensatory damages.

    e.    Award Plaintiff prejudgment interest.

    f.    Grant judgment against Defendant for punitive damages for willful and wanton conduct.

    g.    Enter an order requiring Defendant to implement effective steps to eliminate pregnancy discrimination, sex discrimination, and retaliation from Defendant's workplace.

    h.    Grant such other and further relief as this Court deems just and proper.

## COUNT IV

## COMPLAINT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. That Plaintiff incorporates the preceding paragraphs by reference herein.

78. That Count III is brought against Defendant pursuant to Illinois common law.

79. That Defendant has a duty not to inflict emotional distress.

80. That Lutrell's conduct towards Plaintiff while acting within the scope of her employment was intentional.

81. That Defendant, through the behavior of Lutrell as owner and supervisor, subjected Plaintiff to extreme and outrageous conduct from approximately September 3, 2013 through the present.

82. That Defendant, through the behavior of Lutrell as owner and supervisor, inflicted severe emotional distress and mental anguish upon Plaintiff.

83. That said emotional distress and mental anguish, inflicted by Defendant, was greatly intensified following Plaintiff's loss of her newborn child.

84. That on approximately October 20, 2013, Lutrell sent a text message to Plaintiff, in which she stated that she was sorry to hear of Plaintiff's "loss".

85. That said text message indicated Lutrell's knowledge of the death of Plaintiff's newborn child.

86. That despite Lutrell's knowledge that Plaintiff's newborn child had passed away, and that Plaintiff had received clearance from her doctor to begin working again, Lutrell nevertheless refused to allow Plaintiff to resume employment.

87. That as a result of Defendant's conduct, Plaintiff was exposed to continued extreme and outrageous conduct beyond the bounds of decency, which no reasonable person could be expected to endure.

88. That Defendant acted willfully and intentionally, in that Defendants knew that Plaintiff would suffer, and did suffer, extreme emotional and physical distress as a result of Defendants' extreme, oppressive, and unreasonable conduct.

89. That Defendant terminated Plaintiff based on Lutrell's wishes.

90. That this termination was extreme and outrageous.

91. That Defendant had notice of the conduct that Lutrell was inflicting on Plaintiff.

92. That as a proximate result of said conduct, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jaime Freeman, respectfully requests that this Court provide the following equitable and legal remedies:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b. Award Plaintiff costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

c. Award Plaintiff a judgment against Defendant for compensatory damages.

d. Grant judgment against Defendant for punitive damages for willful and wanton conduct.

e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jaime Freeman

By: /s/ Jacob B. Shorr
One of Her Attorneys

Uche O. Asonye – 6209522
Jacob B. Shorr – 6300859
Asonye & Associates
100 North LaSalle St., Suite 2115
Chicago, Illinois 60602
(312) 795-9110
(312) 795-9114 (fax)

## JURY DEMAND

NOW COMES the Plaintiff, Jaime Freeman, by and through her attorney, and hereby demands a trial by jury in the above entitled cause of action.

        Respectfully submitted,

        Jaime Freeman

        By: /s/ Jacob B. Shorr
        One of Her Attorneys

Uche O. Asonye – 6209522
Jacob B. Shorr – 6300859
Asonye & Associates
100 North LaSalle St., Suite 2115
Chicago, Illinois 60602
 (312) 795-9110
(312) 795-9114 (fax)